UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-62281-Civ-COOKE/TORRES

JENNIFER DEMERITTE, a living woman
Non-corporate entity, Naked Owner and Bailor,
(tertius interveniens) and General Executor
for the Estate Jennifer Ann Demeritte,

    Plaintiff,

vs.

NOVASTAR MORTGAGE, INC.; DEUTSCHE BANK
NATIONAL TRUST COMPANY as Trustee for Securitized
Trust Novastar Mortgage Funding Trust, Series 2007-1;
NOVASTAR MORTGAGE, INC.; NOVASTAR
MORTGAGE FUNDING CORPORATION; NOVASTAR
MORTGAGE, INC.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEM a/k/a MERS and
DOES 1 THROUGH 100, INCLUSIVE,

    Defendants.
_____/

## ORDER DISMISSING CASE

"We also have held that '[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Davis v. Kvalheim*, 261 F. App'x 231, 234-35 (11th Cir. 2008) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993)). Plaintiff Jennifer Ann Demeritte's suit to rescind the foreclosure of her home is "indisputably meritless" given the applicability of the *Rooker-Feldman* Doctrine, and is therefore dismissed.

### I. BACKGROUND

Plaintiff Jennifer Demeritte, proceeding *pro se*, brings this action against several defendants seeking actual damages, statutory damages, punitive damages, litigation costs, and injunctive relief arising from the alleged wrongful foreclosure of her property located at

1251 SW 189th Avenue, Pembroke Pines, Florida 33029[1] ("Subject Property") on grounds that the Defendants lack standing to foreclose Subject Property. *See generally* Compl., ECF No. 1.

On or about February 28, 2007, Plaintiff obtained a $620,000.00 mortgage loan from Defendant Novastar secured by a first mortgage/trust deed on the Subject Property. Compl. ¶ 35. It is unclear based upon Plaintiff's causes of action whether the Subject Property has been foreclosed upon, or whether foreclosure proceedings against the Subject Property have begun; the latter seems more likely. Plaintiff avers that

> Defendants, and each of them, through the actions alleged above, have or claim the right to illegally commence foreclosure under the Note on the Property via a foreclosure action supported by false or fraudulent documents. Said unlawful foreclosure action has caused and continues to cause Plaintiff's great and irreparable injury in that real property is unique.
>
> . . .
>
> Defendants, and each of them, disparaged Plaintiff s exclusive valid title by and through the preparing, posting, publishing, and recording of the documents previously described herein, including, but not limited to, the Notice of Default, Notice of Trustee's Sale, Trustee's Deed, and the documents evidencing the commencment [sic] of judicial foreclosure by a party who does not possess that right.

Compl. ¶¶ 78, 110.

## II. LEGAL STANDARD

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.* Detailed factual allegations are not required, but a

---

[1]

pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. at 555).

A court need not have to accept legal conclusions in the complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. When a plaintiff pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *See id.* at 678.

The purpose of a motion to dismiss is to test the facial sufficiency of a complaint. *See Hermoza v. Aroma Restaurant, LLC*, No. 11-23026-CIV, 2012 WL 273086, at *1 (S.D. Fla. Jan. 30, 2012). Therefore, a court's consideration when ruling on a motion to dismiss is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

### III.   DISCUSSION

Liberally construing Plaintiff's claim[2], Plaintiff is asking this Court to invalidate and/or interfere with the underlying foreclosure procedures by ruling that the state court foreclosure judgment – if there is one – is void or that the procedures should be enjoined. However, this Court lacks subject matter jurisdiction to do so, as Plaintiff seeks a *de facto* appeal of a previously litigated state court matter. The *Rooker-Feldman* doctrine, which provides that "United States district courts do not have subject matter jurisdiction to review the judgments of a state court," *Bosdorf v. Beach*, 79 F.Supp.2d 1337, 1339 (S.D. Fla. 1999) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)), bars this Court from hearing Plaintiff's claims since she is essentially seeking appellate review of the underlying foreclosure proceedings, which are pending in state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine applies

---

[2] A *pro se* litigant's pleadings must be construed more liberally than those pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) ("In the case of a *pro se* action,…the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers"). However, "this lenience does not give a court license to serve as *de facto* counsel for a party…or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted).

to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 281 (2005). The *Rooker-Feldman* doctrine further affirms that no federal courts, other than the United States Supreme Court, have the authority to review final judgments of state courts. *Goodman v. Sipos,* 259 F.3d 1327, 1332 (11th Cir. 2001).

The *Rooker-Feldman* doctrine encompasses claims, such as Plaintiff's, that are "inextricably intertwined" with a state court judgment. *Id.* Plaintiff is attempting to a have this Court review and resolve issues that are the subject of a pending state court proceeding. Plaintiff alleges that Defendants previously commenced the underlying foreclosure proceedings in Florida state court, but Defendants have not, and cannot, demonstrate they own the promissory note and mortgage on the Subject Property or otherwise establish standing to maintain the foreclosure. *See generally* Compl. Therefore, in asking this Court to enjoin the foreclosure proceedings against the Subject Property and declare that the Defendants lack standing to enforce the promissory note and mortgage, Plaintiff is seeking the resolution of an issue – namely standing – that the state court will necessarily address and resolve in the underlying foreclosure proceeding. *See McLean v. JP Morgan Chase Bank, N.A.*, 79 So. 3d 170, 173 (Fla. Dist. Ct. App. 2012) (noting that "[a] crucial element in any mortgage foreclosure proceeding is that the party seeking to foreclose must demonstrate that it has standing to foreclose").

Even if a foreclosure judgment has not been issued, this Court must nevertheless abstain from entertaining Plaintiff's claims based upon the *Colorado River* abstention doctrine, which addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts. *See Beepot v. J.P. Morgan Chase Nat. Corporate Servs., Inc.*, No. 3:10-CV-423-J-34TEM, 2011 WL 4529604, at *8 (M.D. Fla. Sept. 30, 2011) (finding that "Colorado River abstention is entirely appropriate in this case," where a loan that is the subject of a foreclosure action between the same parties in state court is also before the federal court).

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's Complaint (ECF No. 1) is **DISMISSED**. Plaintiff should litigate her claims in the underlying foreclosure proceeding. The Clerk of Court shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 30th day of October 2014.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*